# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | BLANCHE M. MANNING | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 3664 | **DATE** | June 14, 2011 |
| **CASE TITLE** | Gaddis B. Price (#2009-1121289) vs. Cook County Sheriff's Dept., et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. However, the complaint is dismissed on initial review pursuant to 28 U.S.C. § 1915A for failure to state a federal claim. The case is terminated. The plaintiff's motion for appointment of counsel [#4] is denied as moot. The trust fund officer at the plaintiff's place of incarceration is authorized and ordered to make deductions from the plaintiff's account and payments to the clerk of court as stated herein. The clerk is directed to mail a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Illinois 60608. This is one of the plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).

■ [**For further details see text below.**]     Docketing to mail notices.

# STATEMENT

    The plaintiff, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action purportedly pursuant to 42 U.S.C. § 1983. The plaintiff seeks to hold the Cook County Sheriff's Department and the Cook County Department of Corrections responsible for injuries he sustained when he tripped in a pothole and fell while jogging in the jail's recreation yard. The plaintiff also sues the Cook County "Medical Care Department."

    The court finds that the plaintiff is unable to prepay the filing fee. The court accordingly grants the plaintiff's motion for leave to proceed *in forma pauperis* and assesses an initial partial filing fee of $1.00 pursuant to 28 U.S.C. §1915(b)(1). The trust officer at the plaintiff's place of incarceration is directed to collect, when funds exist, the partial filing fee from the plaintiff's trust fund account and pay it directly to the clerk of court. Thereafter, the trust fund officer at the correctional facility where the plaintiff is confined is directed to collect monthly payments from the plaintiff's trust fund account in the amount of 20% of the preceding month's income credited to the account. Monthly payments collected from the plaintiff's trust fund account shall be forwarded to the clerk of court each time the account balance exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn:
**(CONTINUED)**

mjm

| STATEMENT (continued) |
|---|

Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and the case number assigned to this action. This payment obligation will follow the plaintiff in the event of his transfer to another correctional facility.

However, under 28 U.S.C. § 1915A, the court is required to dismiss a suit brought *in forma pauperis* at any time if the court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Here, even accepting the plaintiff's factual allegations as true, the court finds that the complaint fails to state a federal claim as a matter of law. The plaintiff has failed to allege a constitutional violation.

The Constitution "imposes upon prison officials the duty to take reasonable measures to guarantee the safety of the inmates." *Santiago v. Walls*, 599 F.3d 749, 758 (7th Cir. 2010), *citing Farmer v. Brennan*, 511 U.S. 825, 832 (1994). To establish a Fourteenth Amendment claim that correctional officials acted with deliberate indifference to his safety, a plaintiff must show that: (1) he was "incarcerated under conditions posing a substantial risk of serious harm," and (2) defendant-officials acted with "deliberate indifference" to that risk. *Santiago*, 599 F.3d at 756; *Farmer*, 511 U.S. at 834. In the case at bar, the plaintiff cannot satisfy the objective prong.

To satisfy the objective prong, a plaintiff must demonstrate not only that he or she experienced, or was exposed to, a serious harm, but also that there was a known substantial risk that serious harm might actually occur. *Santiago*, 599 F.3d at 758, *citing Brown v. Budz*, 398 F.3d 904, 910 (7th Cir. 2005). The general definition of "substantial risk" includes "risks so great that they are almost certain to materialize if nothing is done." *Brown*, 398 F.3d at 911 (citations omitted).

The courts have found minor, potential hazards not sufficiently serious to rise to the level of a constitutional violation. For example, in *Christopher v. Buss*, 384 F.3d 879 (7th Cir. 2004), an inmate claimed that he was injured during a ball game when a baseball bounced off a "protrusive lip" on the softball field and hit him in the eye. The U.S. Court of Appeals for the Seventh Circuit affirmed dismissal upon initial screening, concluding that the defect in the field was not an excessive risk to inmate safety. As the Court of Appeals explained:

> An "objectively 'sufficiently serious' " risk . . . is one that society considers so grave that to expose any unwilling individual to it would offend contemporary standards of decency. Unlike the acute risks posed by exposure to raw sewage, or inordinate levels of environmental tobacco smoke, or amputation from operating obviously dangerous machinery, or potential attacks by other inmates, the risk of being hit by a softball as a result of a hazardous field condition is not one that "today's society chooses not to tolerate." Rather, it is the type of risk many encounter voluntarily when they play sports in less-than-perfect playing conditions.

*Christopher*, 384 F.3d at 882 (internal citations omitted).

Similarly, in *Murphy v. Walker*, 51 F.3d 714, 721 (7th Cir. 1995), dismissal of certain claims, including the lack of handrails in the shower, was upheld on review. Wet and slippery floors likewise do not implicate the Constitution. *Compare LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993) ("slippery prison floors . .. do not state even an arguable claim for cruel and unusual punishment"); *see also Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996) ("an inch or two" of accumulated water in the shower was not "an excessive risk to inmate health or **(CONTINUED)**

safety"). Even shocks from exposed wiring has been found to be primarily an easily avoided, "unpleasant inconvenience" rather than evidence of deliberate indifference to a known substantial risk. *See Morissette v. Peters*, 45 F.3d 1119, 1124 (7th Cir.1995).

In addition, the plaintiff has not named a proper defendant. The Cook County Sheriff's Department, the Cook County Department of Corrections, and the Cook County Medical Care Department are not suable entities. *See, e.g., Castillo v. Cook County Department Mail Room*, 990 F.2d 304 (7th Cir. 1993); *Thompson v. Duke*, 882 F.2d 1180 (7th Cir. 1989); *Gilbert ex rel. James v. Ross*, No. 09 C 2339, 2010 WL 145789, *4 (N.D. Ill. Jan. 11, 2010). Furthermore, amendment to name a person who can be sued under 42 U.S.C. § 1983 would be futile: at most, the plaintiff's claims sound in negligence, but neither negligence nor gross negligence implicates the Constitution. *See, e.g., Washington v. LaPorte County Sheriff's Dep't*, 306 F.3d 515, 518 (7th Cir. 2002) (citations omitted). Any potential cause of action lies only in state court.

The court has no occasion to consider whether the plaintiff's claims are also barred by the doctrine of *res judicata*, the plaintiff having filed two prior lawsuits arising from the same core events. Both previous cases, *see Price v. Stroger*, Case No. 10 C 5481 (N.D. Ill.), and *Price v. Dart*, Case No. 10 C 7791 (N.D. Ill.), were dismissed for want of prosecution. As a general rule, a dismissal for failure to prosecute or to comply with a court order operates as an adjudication on the merits. See Fed. R. Civ. P. 41(b), *LeBeau v. Taco Bell, Inc.*, 892 F.2d 605, 607 (7th Cir. 1989); *Pettiford v. Sheahan*, 2004 WL 626151, *6 (N.D. Ill. Mar. 26, 2004). The court, moreover, is troubled that the plaintiff disclosed only one of his prior cases in his complaint, despite the bold-printed admonitions on the court's civil rights complaint form. Nevertheless, dismissal of this case is based simply on the failure of the plaintiff to allege a constitutional violation.

For the foregoing reasons, this suit is dismissed for failure to state a claim upon which relief may be granted in federal court. The plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, the plaintiff may also accumulate another "strike."